IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UWE G. TUREK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case Number CIV-08-1037-C |
| | ) |
| THE CITY OF EDMOND, OKLAHOMA; | ) |
| ANITA BREEN, in her individual and | ) |
| official capacities; and LARRY | ) |
| STEVENS, in his individual and official | ) |
| capacities, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff asserts claims of negligence, negligent termination, and intentional infliction of emotional distress against his former employer, the City of Edmond, its Human Resources Director, and the City Manager.[*] Defendants filed the present Motion for Summary Judgment.

### BACKGROUND

Plaintiff began working for Defendant City of Edmond ("City") in 1990. At the time of his termination, he was the supervisor of the Meter Reading Department. On April 23, 2007, one of Plaintiff's fellow employees, Mr. Estes, told Defendant Breen, the City's Human Resources Director, that Plaintiff had a conversation with another employee wherein he stated that someone should put Ms. Courtright, Plaintiff's supervisor, on a desk and rape her.

---

[*]Plaintiff's Complaint originally asserted a number of federal claims as well. On May 27, 2010, the parties filed a joint stipulation dismissing all the federal claims with prejudice. (Dkt. No. 39.) Accordingly, only Plaintiff's state law claims remain

According to Mr. Estes, Plaintiff also called Ms. Courtright stupid. The following day, Defendant Breen suspended Plaintiff pending an investigation into the allegations.

Over the next month, Defendant Breen and other members of management met with Mr. Estes and another employee, Mr. Smith. The recollections about Plaintiff's statements differed somewhat. In subsequent conversations, Mr. Estes was not certain that Plaintiff had made the "rape" statement. Mr. Smith did not remember the comment being made, although he did recall Plaintiff making a statement that contained the word "rape." Both Mr. Estes and Mr. Smith signed statements that were prepared by management regarding the incident. On May 16, 2007, Defendant Breen recommended that Plaintiff be terminated for violating Defendant City's written sexual harassment policy. The following day, Defendant Stevens, the City Manager, approved Plaintiff's termination.

## STANDARD OF REVIEW

A motion for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c)(2). Material facts are those that may affect the outcome of the litigation under applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine only if it is such that a reasonable jury could find in favor of the nonmoving party. Id. The moving party bears the burden of demonstrating the lack of a genuine issue about any material facts. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Once this burden is met, the nonmoving party must then respond and introduce specific facts demonstrating a genuine issue of material fact. Fed. R. Civ. P. 56(e)(2). When

deciding a motion for summary judgment, the court may only consider admissible evidence and must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" Scott v. Harris, 550 U.S. 372, 378 plain(2007) (quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam)); Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1541 (10th Cir. 1995).

The Supreme Court noted that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The Court went on to explain that, in this situation, there could be no genuine issue of material fact because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

## DISCUSSION

**A. Negligent Termination**

Plaintiff alleges that his termination was the result of Defendants' negligence. According to Plaintiff, Defendants Breen and Stevens acted negligently in their investigation of the claims leading to Plaintiff's termination. As an initial matter, the Court notes that neither party addresses whether Plaintiff is considered an at-will employee or whether he could only be terminated for cause. Because no employment contract has been provided, the Court must assume that Plaintiff is an at-will employee.

3

According to the Tenth Circuit, "the Oklahoma Supreme Court has taken 'a narrow view with regard to circumstances under which a tort cause of action could arise in an employee discharge context.'" Vice v. Conoco, Inc., 150 F.3d 1286, 1291 (10th Cir. 1998). It is clear that Oklahoma does not recognize an independent tort for negligent investigation in the at-will employment context. Id. at 1291-92. Under Oklahoma law, there is "no implied obligation of good faith and fair dealing in reference to termination in any employment-at-will contract." Burk v. K-Mart Corp., 1989 OK 22, ¶ 22, 770 P.2d 24, 29. Plaintiff does not allege that his termination violated clearly established public policy, and therefore no tort cause of action is available concerning his termination. Defendants are entitled to summary judgment on this claim.

**B. Negligent Infliction of Emotional Distress**

In his Complaint, Plaintiff appears to assert a claim for negligent infliction of emotional distress. Under Oklahoma law, this is not an independent tort. Kraszewski v. Baptist Med. Ctr. of Okla., Inc., 1996 OK 141, ¶ 1 n.1, 916 P.2d 241, 243 n.1. Instead, Plaintiff must establish the elements of general negligence in order to recover for any emotional distress negligently caused by Defendants. Id. Plaintiff must therefore demonstrate: "a duty on the part of the defendant to protect the plaintiff from injury; a failure of the defendant to perform the duty; and an injury to the plaintiff resulting from the failure." Id.

In the present case, Plaintiff has failed to allege any duty owed by Defendants to protect him from harm. Oklahoma law is clear that there is "no implied obligation of good faith and fair dealing in reference to termination in any employment-at-will contract." Burk, 1989 OK

4

22, ¶ 22, 770 P.2d at 29. Accordingly, Defendants are entitled to summary judgment on this claim.

## C. Intentional Infliction of Emotional Distress

Finally, Plaintiff argues that Defendants either recklessly or intentionally caused him emotional distress in the course of his termination. Plaintiff's claims apparently stem both from the manner in which the investigation was carried out and the fact that Plaintiff was terminated as a result. In order for Plaintiff to prevail on these claims, he must demonstrate that: "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." Computer Publ'ns, Inc. v. Welton, 2002 OK 50, ¶ 7, 49 P.3d 732, 735. A defendant's conduct must be so outrageous and extreme that it goes "beyond all possible bounds of decency, and . . . is regarded as atrocious and utterly intolerable in a civilized community." Id. at ¶ 9, 735.

> "[L]iability clearly does not extend to mere insults, indignities, threats[,] annoyances[], petty oppressions, or other trivialities. The rough edges of our society are still in need of a good deal of filing down, and in the meantime plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind.

Mirzaie v. Smith Cogeneration, Inc., 1998 OK CIV APP 123, ¶ 18, 962 P.2d 678, 682 (quoting Restatement (Second) of Torts § 46 cmt. (d) (1965)).

When considering claims of intentional infliction of emotional distress, the court "'must determine whether the defendant's conduct may reasonably be regarded as *so extreme and*

5

*outrageous* as to permit recovery or whether it is necessarily so. . . . Likewise, it is for the court to determine, . . . whether based upon the evidence presented, *severe emotional distress* can be found.'" Computer Publ'ns, 2002 OK 50, at ¶ 8, 40 P.3d at 735 (quoting Breeden v. League Servs. Corp., 1978 OK 27, ¶ 12, 575 P.2d 1374, 1377-78).

The Court finds that the evidence submitted by Plaintiff would not permit a jury to determine that Defendants' conduct rose to the requisite level. Oklahoma courts have denied recovery on such a claim where the facts are even more extreme and outrageous than they are in the present instance. See Mirzaie v. Smith Cogeneration, Inc., 1998 OK CIV APP 123, 962 P.2d 678; Anderson v. Okla. Temp. Serv., 1996 OK CIV APP 90, 925 P.2d 574; Eddy v. Brown, 1996 OK 3, 715 P.2d 74. Consequently, Defendants are entitled to summary judgment on these claims.

## CONCLUSION

For the reasons set forth herein, Defendants' Motion for Summary Judgment (Dkt. No. 23) is GRANTED. All other pending motions are stricken as moot. A judgment shall enter accordingly.

IT IS SO ORDERED this 21st day of July, 2010.

ROBIN J. CAUTHRON
United States District Judge